*Stuart v. Abraham (In re Stanley Abraham)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand seventeen.

PRESENT:

> ROBERT D. SACK,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

IN RE: STANLEY ABRAHAM, *Debtor.*

_____

STANLEY ABRAHAM,

> *Appellant,*

v.                                                                              No. 16-2968

JANET STUART,

> *Appellee.**

_____

FOR APPELLANT:                          Karamvir Dahiya, Dahiya Law Office LLC, New York, NY.

---

* The Clerk of Court is directed to amend the caption to conform to the above.

FOR APPELLEE:                                        Joel Alan Gaffney, Law Office of Gregory
                                                     Messer, PLLC, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 2, 2016 judgment of the District Court, affirming the August 4, 2015 judgment of the Bankruptcy Court, is **AFFIRMED**.

Appellant Stanley Abraham appeals from the District Court's order affirming the Bankruptcy Court's denial of discharge in Abraham's chapter 7 bankruptcy proceeding. Appellee Janet Stuart objected to the discharge with respect to a $75,000 debt she is seeking to collect from Abraham and his father-in-law in a state court proceeding. The Bankruptcy Court found, following a bench trial, that Abraham had knowingly and fraudulently made materially false statements on his bankruptcy filings, in violation of 11 U.S.C. § 727(a)(4)(A), and that a general denial of discharge was warranted. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

When reviewing a district court's decision on a bankruptcy appeal, we "undertake[] an independent examination of the factual findings and legal conclusions of the bankruptcy court." *D.A.N. Joint Venture v. Cacioli (In re Cacioli)*, 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted). The bankruptcy court's conclusions of law are reviewed *de novo* and its findings of fact are reviewed for clear error. *See id.*

The parties do not dispute that Stuart transferred a total of $75,000 to Abraham's checking account in 2009. Nor do they dispute that Abraham has not repaid the money, either before or after his August 23, 2013 bankruptcy filing. Abraham contends, however, that the money was intended as a loan for his father-in-law, Thomas John, and so argues that Stuart lacks Article III and statutory standing to bring a claim against him. This argument plainly fails. Stuart has alleged an injury, caused by Abraham through his failure to repay her, that would be

2

redressed by a favorable court ruling in the Bankruptcy Court that allows her to continue her state court claim against Abraham. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). And Stuart has standing under the Bankruptcy Code to object to discharge pursuant to section 727(a)(4)(A), because she is a creditor of Abraham's estate even if her claim is disputed. *See* 11 U.S.C. §§ 101(5), 101(10), 727(c)(1).

Abraham also argues that the Bankruptcy Court improperly allowed Stuart to amend her complaint to add the section 727 claim. Abraham did not object to Stuart's motion to amend, however, and raised this argument for the first time on appeal to the District Court. His argument has accordingly been waived. *See Fisher v. Vassar College*, 70 F.3d 1420, 1451-52 (2d Cir. 1995), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). In any event, the issue was tried before the Bankruptcy Court by the parties' consent. *See* Fed. R. Civ. P. 15(b)(2); Fed. R. Bankr. P. 7015.

Finally, Abraham asserts that the Bankruptcy and District Courts erred in denying the discharge because any misstatements or omissions in his bankruptcy filings were innocent or immaterial. Section 727(a)(4)(A) states that the bankruptcy court "shall grant the debtor a discharge, unless . . . the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." "To prove a § 727(a)(4)(A) violation, a creditor must show that: '1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case.'" *In re Boyer*, 328 F. App'x 711, 715 (2d Cir. 2009) (summary order) (quoting *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000)); *see In re Robinson*, 506 F.2d 1184, 1186-87 (2d Cir. 1974).[1] The Bankruptcy Court found that

[1] Stuart argues that there is a split among our sister Circuits about what standard to apply to section 727(a)(4)(A) claims. We see no such split. While some courts, like ours, have divided the section 727(a)(4)(A) elements into five parts, and others only two or three, the substance of the elements remains the same. *See In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992) (listing five elements: (1) debtor made a statement; (2) statement was false; (3) debtor knew the statement was false; (4) debtor made the statement with fraudulent intent; and (5) the statement relates materially to the bankruptcy case); *In re Tully*, 818 F.2d 106, 110 (1st Cir. 1987) (listing two elements: (1) the debtor knowingly and fraudulently made a false oath, and (2) the false oath relates to a material fact).

Abraham violated section 727(a)(4)(A) because (1) he signed the bankruptcy petition and underlying documents under oath; (2) the bankruptcy schedules and statements did not fully disclose his interests in several companies, did not disclose the name of his accountant in response to questions on the forms, and did not accurately disclose his gross income; (3) these disclosures are material because they relate to his financial condition and business dealings; (4) the repeated inaccuracies and inability to explain the omissions exhibit a reckless disregard for the truth; and (5) Abraham should have known that the answers provided to these basic questions were false.

Abraham does not dispute that the false statements appeared in his sworn filings, but asks us to overlook them. We find no error in the Bankruptcy and District Courts' conclusions that the misstatements warranted a denial of discharge. The inaccuracies and omissions, particularly with respect to income, are material to Abraham's bankruptcy filing and financial condition. Abraham's excuses of negligence and reliance on his attorney are unconvincing—for example, he reported *no* income for 2011, whereas his tax returns show that he and his wife had a combined adjusted gross income of $34,037 for that year. This is hardly a small or excusable omission. *See, e.g.*, *In re Kaiser*, 722 F.2d 1574, 1583 n.4 (2d Cir. 1983) (affirming denial of discharge based on false oaths when "Appellant's attempts to justify his misconduct by the actions of others and his own inadvertence are unpersuasive"); *Gobindram v. Bank of India*, 538 B.R. 629, 643 (E.D.N.Y. 2015) ("It is well-established that a debtor's purported reliance on the advice of counsel is unreasonable when the erroneous advice should be transparently plain to the debtor." (internal quotation marks omitted)).

* * *

We have considered Abraham's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court affirming the order of the Bankruptcy Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4